[No. 12112.   Department Two. — February 2, 1888.]

H. C. BELL ET AL., APPELLANTS, v. JOEL BEAN, RESPONDENT.

PROMISSORY NOTE — WANT OF CONSIDERATION — BONA FIDE PLEDGEE. — A *bona fide* pledgee of a promissory note which was executed without consideration cannot hold the maker liable thereon to any greater extent than the amount of the debt for which it was pledged.

ID. — NOTE GIVEN IN SETTLEMENT OF CLAIM FOR DAMAGES. — A promissory note given by the maker in settlement of a claim for damages for which he was not liable, and for which the payee of the note admitted he was not liable, but which he was induced to execute by reason of threats that if he did not he would be sued on the claim, and thereby be put to a corresponding expense, is without consideration.

APPEAL from a judgment of the Superior Court of Sierra County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Hundley & Gale,* for Appellants.

The note in question, having been given in settlement of a disputed claim, with a view to a compromise thereof, is founded upon a sufficient consideration, and in an action thereon the court will not inquire whether or not the maker of the note was in fact liable on the claim. (*Russell* v. *Cook,* 3 Hill, 504; *Adams* v. *Wilson,* 12 Met. 138; 45 Am. Dec. 240; *Fisher* v. *May,* 2 Bibb, 448; 5 Am. Dec. 626; *Mills* v. *Lee,* 6 T. B. Mon. 91; 17 Am. Dec. 118, and cases there cited; *Barlow* v. *Ocean Ins. Co.,* 4 Met. 270; *Pierce* v. *New Orleans B. Co.,* 9 La. 397; 29 Am. Dec. 448; *Union Bank of Georgetown* v. *Geary,* 5 Pet. 99; *Stoddard* v. *Mix,* 14 Conn. 12; *Keefe* v. *Vogle,* 36 Iowa, 87; *Hodges* v. *Saunders,* 17 Pick. 470; *Farmers' Bank* v. *Blair,* 44 Barb. 641; *Pitkin* v. *Noyes,* 48 N. H. 294.)

*P. Van Clief,* for Respondent.

The note, being given in settlement of a claim which was utterly without foundation, is without consideration. (Wharton on Contracts, sec. 533; 1 Parsons on Contracts, 439; Bishop on Contracts, sec. 488; *Everingham* v. *Meiyhan,* 55 Wis. 354; *Wilson* v. *Bozeman,* 48 Ala. 71.)

FOOTE, C.—This is an action brought by the plaintiffs as the assignees of a certain promissory note made and executed by the defendant for the sum of two thousand five hundred dollars, payable to his brother, Philander C. Bean, or bearer. The cause was tried by the court without a jury, and judgment rendered for the plaintiffs in the sum of $200.14, with interest. From that, and an order refusing the plaintiffs a new trial, this appeal is taken.

The findings show that the defendant was the superintendent and agent of a certain mining corporation engaged in the prosecution of its business in the county of Sierra, in this state; that Philander C. Bean was an

employee of that corporation, acting under the orders of the defendant as superintendent aforesaid.

That the defendant had no sort of authority or right from that corporation to make any promissory note which would bind it in any way, nor any authority whatever to settle or compromise any claim or demand for damages, which any of the employees or laborers for that corporation may have sustained by any negligence or other wrongful act of it or its agents.

That before the twenty-second day of February, 1883, the defendant as such agent of the corporation had employed his brother Philander C. Bean, Lewis Nevins, David Lewis, and others to work in the capacity of miners of the same class and about the same business, and that in their employment the defendant exercised ordinary care in their selection as men competent for the duties falling to them in said business and employment.

That on the twenty-second day of February, 1883, the mine belonging to the corporation was being worked by the hydraulic process, and the water and *debris* which was thereby discharged passed through an underground bed-rock tunnel; that the tunnel became clogged and obstructed, as it had often before been, so that it would not discharge the water and *debris*, whereupon Philander C. Bean, Lewis Nevins, and two Chinamen were sent to clear the tunnel of its obstructions in the ordinary and proper way, and in the same mode in which such clearance had been frequently before that time effected, in which operation there was no danger existing to the workmen if they exercised proper care, and the supply of water let into the tunnel was properly regulated by the men at work therein; that for the purpose of regulating the water as directed by those thus working, the defendant and one David Thomas remained on the outside of the tunnel. The upper end of the tunnel connected with a vertical shaft through

which the water and *debris* entered the tunnel. If the water should rise in the shaft to any considerable extent, there was more or less danger that the pressure caused thereby would break the obstruction in the tunnel, and permit the water so to rush out through the tunnel as to cause injury to the workmen engaged therein. The men in the tunnel having been for some time at work, the defendant sent David Lewis to them to see how they were progressing in their undertaking, and if they were in want of anything. On arriving at the tunnel Davis was told by Nevins and Philander C. Bean to go out and tell the defendant to put on a large head of water, as it was their opinion that the tunnel was then in a condition to receive it. The defendant went to comply with this request, leaving Lewis and a boy on the watch, so that if the water should rise too rapidly in the shaft they could turn it off.

After his departure, Lewis disobeyed instructions, and without the authority or knowledge of the defendant, or any one acting for the corporation, left his station, leaving the boy to watch the shaft. The boy, finding the water rising too fast, tried to notify Lewis in time so that danger to the workmen might be averted, but before this could be accomplished, the obstructions in the tunnel were broken, the water rushed through and severely injured Philander C. Bean.

This was before any water turned on by the defendant, as requested by Philander C. Bean, ever reached the shaft. It is also found that neither the defendant, nor the corporation for which he acted, was guilty of any negligence or want of care tending or contributing in any degree to the injury of Philander C. Bean.

It appears that after this one Proseus and Philander C. Bean met at the defendant's house, Proseus professing to act as the attorney of P. C. Bean, for the purpose of conferring about the injury which the latter had suffered, the result of which was, they induced the defendant to

execute a promissory note for two thousand five hundred dollars, contemporaneously with a written agreement limiting the defendant's responsibility thereon to a sum much less than the note called for.

It seems that at that interview no one pretended to assert that the defendant was in any way responsible for P. C. Bean having been injured, or that the defendant or the corporation were under any obligation to pay P. C. Bean any money whatever.

But it seems Proseus threatened that if the defendant did not settle the matter as proposed, he would sue him, and put him to as much cost as would suffice to pay what he would have to pay by reason of giving the promissory note and agreement. The defendant, being influenced by the threat, and having a sympathy for his brother's misfortune, and hoping that his making the note might induce the company he represented to pay P. C. Bean some money by way of compensation for his injury, executed the note and agreement when there was no real claim for damages existing in favor of P. C. Bean, either as against the defendant or the corporation.

There was in fact no consideration whatever to support the note and agreement. The defendant not paying the first obligation, Proseus requested him to renew it by making the note sued upon. But no consideration whatever existed to support the second note, which Proseus afterwards gave in pledge, but did not actually assign to the plaintiffs, as security to them for a debt of $200.14, which Proseus owed the plaintiffs, which was unpaid at the time this action was brought.

Upon these findings, which are fully supported by the evidence, the court gave judgment for the plaintiffs as innocent pledgees of the note for the amount of Proseus's indebtedness to them, with interest.

We do not perceive how that tribunal could have rendered any other judgment than it did. The letter of Burgess, introduced in evidence, against the plaintiffs'

objection, was simply for the purpose of showing that the corporation had refused to pay P. C. Bean any damages, and this was material under the agreement made contemporaneously with the first note, which limited the defendant's liability very largely in the event that the corporation could not be persuaded to pay anything, and it was material as going to show what sort of a claim, whether *bona fide* or pretended, was the consideration of the note. In no event can we perceive how its admission worked any injury to the plaintiffs. The claim made against the defendant and the corporation was baseless, and did not furnish any consideration sufficient to support the contract sued on, except as to the innocent pledgees for value.

They are fully reimbursed for all they can claim by virtue of the security they held, and neither Proseus nor P. C. Bean have ever had any claim, legal or equitable, against the defendant growing out of the transaction.

The judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.