## BEAN v. PROSEUS.

### No. 14,884; September 12, 1892.

#### 31 Pac. 49.

Negotiable Instruments—Consideration.—In an Action on a Note for $625, the evidence was undisputed that, in consideration for the note, plaintiff transferred to defendant a one-half interest in a note for $2,500, on which the maker thereof agreed to pay $1,250 as a compromise. Held, that the fact that afterward, in an action thereon, the latter note was declared to have been made without consideration, does not affect the consideration for the note in suit, and plaintiff should recover.

APPEAL from Superior Court, Sierra County; John Caldwell, Judge.

Action on a promissory note by Philander C. Bean against one Proseus. Defendant had judgment and plaintiff appeals. Reversed.

Frank R. Wehe for appellant; John Gale and S. B. Davidson for respondents.

PATERSON, J.—In January, 1885, the appellant held a note against his brother, Joel Bean, for the sum of $2,500. The circumstances under which the note was given are fully set forth in Bell v. Bean, 75 Cal. 86, 16 Pac. 521, where it was held that the note was without consideration. The defendant was to receive one-half of the amount collected, as payment for professional services rendered the plaintiff. On April 21, 1885, the defendant transferred the note to Bell & Co. as security for the payment of the sum of $500, which he owed them. Joel Bean several times offered to pay $1,250; but the defendant, acting for himself and plaintiff, refused to accept less than $2,500. The appellant, being unwilling to engage in litigation with his brother, sold his interest in the note to the defendant, and received from the latter, as payment therefor, a promissory note for $625. Defendant refused to pay the note, claiming that it was given without any consideration, whereupon this action was brought to recover

the amount of the principal and interest due on the note. The court found that the note was executed and delivered by defendant without consideration, and judgment was entered against the plaintiff for costs of the suit. From this judgment, and from the order denying his motion for a new trial, plaintiff has appealed.

The respondent claims that the finding of the court is sustained by the admitted fact that there was no consideration for the $2,500 note. There being no consideration for that note, the $625 note given in payment of plaintiff's interest therein is necessarily without consideration. This contention cannot be sustained. The learned judge of the court below overlooked the fact, which is undisputed, that, at the time this note was given by the defendant to the plaintiff, Joel Bean was willing to pay in satisfaction of the claim made against him the sum of $1,250. The $2,500 note, therefore, had an actual cash value of $1,250 when appellant transferred his interest therein to defendant. How can it be said, therefore, that plaintiff parted with nothing of value? It was not his fault that defendant afterward failed to recover on the note. The latter preferred to litigate. He took the chance of getting more than the amount offered in compromise, and lost. Plaintiff parted with his right to compromise, relying upon defendant's promise to pay him the $625, and is entitled to recover. The judgment and order are reversed, and the cause remanded for a new trial.

We concur: Garoutte, J.; McFarland, J.